UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

FELIPE CABRERA-SARABIA

No. 09 CR 383-8

Judge Sharon Johnson Coleman

## GOVERNMENT'S SENTENCING MEMORANDUM

For the reasons that follow, the government believes a sentence of 240 months' imprisonment would be sufficient, but not greater than necessary, to accomplish the goals of sentencing.

## I.      Preliminary Advisory Sentencing Guidelines Calculation

The government agrees with the criminal-history and offense-level calculations set forth in the Presentence Investigation Report submitted by the United States Probation Office. The defendant's total offense level is 41 and his criminal history category is I, resulting in an advisory Guidelines sentencing range of 324-405.

## II.     The Defendant Should Receive a Sentence of 240 months in Prison

A sentence of 240 months' imprisonment is sufficient, but not greater than necessary, to comply with the principles set forth in 18 U.S.C. § 3553(a).

### A.      Nature and Circumstances of the Offense

#### 1.      Information Agreed to in the Plea Agreement

As detailed in the plea agreement, in November 2008, defendant was working for Ismael Zambada Garcia (a/k/a "El Mayo," "Mayo Zambada"). In October 2008, in

Mexico, defendant met with Ismael Zambada along with Joaquin Guzman Loera (a/k/a "El Chapo"), Zambada Garcia's son (Vicente Zambada Niebla), and others, and Margarito Flores who, along with his brother Pedro Flores and unbeknownst to defendant, began cooperating with the U.S. government around that time. During the meeting, at the direction of Zambada Garcia, Margarito Flores agreed that he and Pedro Flores would make arrangements with defendant to purchase heroin belonging to Zambada Garcia that was located in Chicago. Defendant went on to coordinate the distribution of 13 kilograms of heroin to the Flores brothers in Chicago. Defendant further coordinated the payment of approximately $715,000 for those drugs.

2.      Information Provided by ███████████████



2







**B.      Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, Provide Just Punishment, and Afford Adequate Deterrence**

This is a serious offense and defendant's sentence should reflect that. Defendant trafficked in some of the most dangerous and serious drugs available, and in quantities not often seen by defendants in this district (other than his co-defendants in this case). Defendant caused these drugs to be brought into this country and distributed to wholesale customers, with the drugs then going on down the supply chain until sold to and consumed by the end users. These substances destroy lives and communities. Defendant sought to profit from that misery.

**D.      The Need to Avoid Unwarranted Sentence Disparities**

The government's recommendation in this case takes into account sentences received by other individuals in this case and related cases. Factors considered include (1) relative culpability/position in the Cartel, (2) criminal history, and (3) cooperation or lack thereof. Considering these factors, the government believes 240 months is an appropriate sentence in this case.

### III.    Government's Proposed Terms of Supervised Release

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government recommends the imposition of a term of supervised release of five years. In order to promote the sentencing objectives of deterring recidivism, protecting the public, and assisting in the defendant's rehabilitation and reintegration into society, the government recommends that the five-year term of supervised release include the conditions set forth below:

### A.    Mandatory Conditions

The following mandatory conditions would serve to afford adequate deterrence to criminal conduct, protect the public, and assist in defendant's rehabilitation:

- Not commit another federal, state or local offense;

- Not unlawfully possess a controlled substance;

- Submit to the collection of a DNA sample from the defendant at the direction of the U.S. Probation Office if the collection of such a sample is authorized pursuant to 42 U.S.C. § 14135a(a).

### B.    Discretionary Conditions of Supervision

The following conditions would serve to facilitate supervision by the probation officer, thus assisting in encouraging the defendant's compliance with the law and deterring the defendant from future crimes:

- Remain within the jurisdiction where the defendant is being supervised, unless granted permission to leave by the court or a probation officer (Discretionary Condition #14);

- Report to the probation officer as directed by the probation officer (Discretionary Condition #15);

- Permit the probation officer to visit the defendant at home, work, at a community service location, or other reasonable location specified by a probation officer, at any reasonable time, and to confiscate any contraband in plain view of the officer (Discretionary Condition #16);

- Notify a probation officer promptly, within 72 hours, of any change in residence, employer, or workplace and, absent constitutional or other legal privilege, answer inquiries by a probation officer (Discretionary Condition #17);

- Notify a probation officer within 72 hours of being arrested or questioned by a law enforcement officer (Discretionary Condition #18);

- Surrender to a duly authorized official of the Homeland Security Department for a determination on the issue of deportability by the appropriate authority in accordance with the laws under the Immigration and Nationality Act and the established implementing regulations. If ordered deported, you shall not reenter the United States without obtaining, in advance, the express written consent of the

Attorney General or the Secretary of the Department of Homeland Security. (Discretionary Condition #21)

- Not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court (Special Condition #11).

The following conditions would support the defendant's rehabilitation and reintegration into the community and would help ensure that the defendant is engaged in lawful pursuits:

- Seek, and work conscientiously at, lawful employment or pursue conscientiously a course of study or vocational training that will equip the defendant for employment (Discretionary Condition #4);

- Refrain from knowingly meeting or communicating with any person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity (Discretionary Condition #6);

- Refrain from any use of alcohol, and from any use of a narcotics drug (Discretionary Condition #7);

- Refrain from possessing a firearm, destructive device, or other dangerous weapon (Discretionary Condition #8);

## IV.    Conclusion

For the foregoing reasons, the government requests that the court sentence Felipe Cabrera-Sarabia to 240 months' imprisonment.

8

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By:   /s/ *Andrew C. Erskine*
ANDREW C. ERSKINE
ERIKA L. CSICSILA
Assistant U.S. Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 353-1875

Dated: July 11, 2023

9